UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| j2 GLOBAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED GLOBAL CONCEPTS, INC.,<br><br>Defendant. | Case No. C-12-02971-RMW<br><br>**ORDER GRANTING DEFENDANT INTEGRATED GLOBAL CONCEPTS, INC.'S MOTION TO STAY PROCEEDINGS**<br><br>[Re Docket No. 13] |

Defendant Integrated Global Concepts, Inc. ("IGC") moves to stay this proceeding pending resolution of the scope of a covenant not to sue that is part of an Agreement of Understanding between the parties related to a merger. IGC contends the covenant covers the patent infringement claim at issue in this case and thus resolution in IGC's favor would prevent IGC from having to defend against the patent claim. The resolution of the scope of the covenant is also at issue in the related case where this court stayed patent infringement claims pending resolution of the scope of the covenant. IGC now seeks the same relief here.

# I. BACKGROUND

The parties are currently proceeding in two related but distinct proceedings: C-12-3434 and this case, C-13-02971. Each case involves claims of patent infringement—although different patents are at issue—and breach of the same covenant not to sue.

j2 and IGC provide messaging and communications services. IGC offers an online fax service, MaxEmail, which j2 alleges directly infringes its patents. Compl. ¶ 18; Answer and Couterclaims, Case No. C-12-3434, Dkt. No. 43. In 1999, IGC entered into an exclusive agreement with a company named eFax which called for IGC to operate eFax's fax-to-email service using IGC's "own systems, source code and intellectual property . . . ." Case No. 12-3434 Compl. ¶¶ 17, 21-24.

Around September 1998, j2 began negotiating the terms of a merger agreement with eFax, under which eFax would become a wholly owned subsidiary of j2. *Id.* ¶¶ 19, 27. During these negotiations, j2 became aware of eFax's outstanding obligations to IGC, which included a dispute over payments for certain IGC services. *Id.* ¶¶ 28-30. To settle the dispute, j2, IGC, and eFax entered into an agreement whereby eFax and j2 acquired from IGC a non-exclusive software license and other services to implement the transfer of the eFax customer base from IGC's systems to j2's. *Id.* ¶ 31. The relevant portions of these agreements were embodied in the Agreement of Understanding, dated June 30, 2000, among j2, eFax, and IGC. *Id.* ¶ 32; Case No. C-12-3434 Dkt. No 10 Ex. A at 22.

In the Understanding, j2 released IGC from:

> all claims . . . whether presently known or unknown . . . arising from or related to any past services, equipment, software or other assets provided by IGC to the Merger Parties [eFax or j2] whether pursuant to the Development Agreement, the Co-Location Agreement or any other agreement or understanding, whether written or oral . . . .

Case No. C-12-3434 Dkt. No. 10 Ex. B § 5(a). The Understanding defined these claims as the "Merger Party Claims." *Id.* j2 also agreed "never to institute or maintain against [IGC] any action or proceeding based . . . upon the matters with respect to which . . . the Merger Party Claims apply." *Id.* § 7. The Understanding also expressly waived the parties' rights under California Civil Code section 1542 and described the release of rights as "general and unqualified pursuant to the terms

hereof." *See* Case No. C-12-3434 Dkt. No. 1 ¶¶ 35-36; *see also* Case No. C-12-3434 Dkt. No. 10 Ex. B § 6.

On March 19, 2013, the court denied a motion to dismiss IGC's claims based upon the covenant not to sue and ordered the parties to schedule an evidentiary hearing to determine its scope. Order, Case No. C-12-3434, Dkt. No. 41. On April 12, 2013, j2 brought patent infringement counterclaims against IGC in the related C-12-3434 case. Answer and Counterclaims, Case No. C-12-3434, Dkt. No. 43. j2 asserted there patents which were filed by j2's founders and they were thus aware of them when they agreed to the covenant.[1] *Id.* j2 also alleged violations of United States Patent No. 6,350,066 (the "'066 patent"), which was issued in 2002 and was not acquired by j2 until after the agreement of understanding. On August 5, 2013, the court stayed discovery on all issues other than contractual interpretation of the covenant not to sue pending resolution a trial on the issue set for April 21, 2014. CMC Order, Case No. C-12-3434, Dkt. No. 66.

j2 also owns U.S. Patent No. 6,020,980 ("'980 Patent"), which it acquired from Verizon in July 2012. Compl. ¶ 5; Johnson Decl. Ex. A, Dkt. No. 18-1. j2 filed this lawsuit on June 27, 2013, seeking damages and other relief for IGC's alleged infringement of the '980 Patent. Compl. ¶¶ 17-21. On July 22, 2013, the court ordered this case related to the C-12-3434 case. Order, Dkt. No. 10. IGC then answered j2's complaint regarding the '980 Patent and filed counterclaims alleging that j2 breached the covenant in the Understanding.

IGC brings the present motion to stay this proceeding pending a resolution of the scope of the covenant not to sue, which IGC contends covers the infringement claim of its '980 Patent.

## II. ANALYSIS

A district court retains "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a motion to stay, the court must weigh the following competing interests,

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the

---

[1] In 1997 and 1998, Jack Rieley and Jaye Muller, founders of j2, an IGC competitor, filed patent applications that later became U.S. Patent Nos. 6,208,638 ("'638 patent"), 6,597,688 ("'688 patent"), 7,020,132 ("'132 patent"). Id. ¶ 14.

ORDER GRANTING MOTION TO STAY
Case No. C-13-02971-RMW
FMP/SW
- 3 -

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110.

Neither party makes a strong showing that it would be harmed or of inequity. j2 argues that a stay, "in essence, would grant IGC a royalty-free license" to practice j2's patent. Opp. at 7, Dkt. No. 18. But, IGC is on notice that j2 alleges it infringes and if j2 is ultimately successful it will be able to recover. j2 has not moved for a preliminary injunction or otherwise argued that it will suffer irreparable harm. The court questions that the covenant covers j2's claim based on the '980 patent, and thus IGC may suffer no harm if the case proceeds. Nevertheless, if the covenant does apply, IGC will have to needlessly go through the the expense of discovery and defending against j2's claims.

Because the related patent case is already stayed, the court finds that the orderly and efficient administration of these cases favors granting the stay to resolve the scope of the covenant before proceeding with the patent claims.

### III. ORDER

For the foregoing reasons, the court grants the motion to stay the patent infringement proceedings until the contract claim is resolved or the court orders otherwise. The court consolidates the breach of contract claim in this case with the breach of contract claim in the related C-12-3434 case. The claims will be tried together at the currently scheduled April 21, 2014 trial. This consolidation does not prevent j2 from bringing its currently scheduled motion to dismiss the contract claims.

Dated: October 18, 2013

RONALD M. WHYTE
United States District Judge