UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| j2 GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Defendant. | Case No. C-13-02971-RMW <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT j2 GLOBAL, INC.'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES** <br><br> [Re Docket Nos. 22, 35] |

Plaintiff j2 Global ("j2") moves to dismiss count II (declaration of unenforceability of '980 patent), count IV (breach of contract), count V (specific performance) and count VI (declaration of implied patent license) of defendant Integrated Global Concepts, Inc.'s ("IGC") counterclaims and to strike defendants' eighth, ninth and tenth affirmative defenses (various allegation of fraud and inequitable conduct before the patent office) to plaintiff's complaint alleging patent infringement. The viability of defendants' counterclaims depends upon the scope of a release and covenant not to sue contained in an Agreement of Understanding entered into among j2, IGC and eFax.

In a related case between j2 and IGC (Case No. 12-3434), the court denied a motion to dismiss IGC's claim that the release and covenant not to sue barred j2's action for infringement of the '638, '688 and '622 patents and that j2 should be enjoined from pursuing the infringement claims.

1  The court held that the language of the release and covenant, in light of extrinsic evidence, may be
2  reasonably susceptible to two different interpretations. Although j2 did not know of the '980 patent
3  at the time the Agreement of Understanding was negotiated, unlike the situation with the '638, '688
4  and '622 patents, the scope of the language of the release and covenant not to sue are still potentially
5  critical to the question of whether IGC is authorized to use the '980 patent. Therefore, the court
6  denies j2's motion to dismiss the counterclaims related to the scope of the Agreement (counts IV, V
7  and VI). The issues pertaining to the scope of the release and covenant not to sue raised in the two
8  actions (case nos. 13-0297 and 12-3434) will be tried together. The motion to file the surreply is
9  moot in light of the court denying the motion to dismiss.

10  The court finds that IGC has not adequately alleged its claim for declaratory judgment of
11  unenforceability for inequitable conduct under Rule 9(b) because it has failed to allege specifically
12  what was missing or fraudulent in j2's affidavit to the USPTO and how it would have been material
13  to the USPTO. Accordingly, the court grants the motion to dismiss the inequitable conduct claim
14  with leave to amend. The court also strikes, with leave to amend, IGC's eighth, ninth, and tenth
15  affirmative defenses, which rely on the same inadequately alleged facts.

Dated: February 26, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge